T.C. Summary Opinion 2010-59

UNITED STATES TAX COURT

INDRIT ILJAZI, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11039-09S.                    Filed May 6, 2010.

Carlton Malben Smith, for petitioner.

Theresa G. McQueeney, for respondent.

PANUTHOS, Chief Special Trial Judge: This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed. Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case. Unless otherwise indicated, all

subsequent section references are to the Internal Revenue Code in effect at relevant times.

This proceeding was commenced under section 6015 for review of respondent's determination that petitioner is not entitled to relief from joint and several liability with respect to the unpaid tax liability reported on the 2002 joint return petitioner filed with Mary Sue Bacon (Ms. Bacon). The sole issue for decision is whether petitioner is entitled to relief under section 6015(f) for the 2002 tax liability. Respondent concedes petitioner is entitled to the claimed relief, except to the extent that petitioner's claim is time barred.

## Background

This case was submitted fully stipulated. All stipulated facts are found accordingly, and the attached exhibits are incorporated by reference. Petitioner resided in New York when he filed the petition herein.

Petitioner and Ms. Bacon reported income tax due of $29,360 and submitted a $100 payment with their timely filed 2002 joint income tax return. On November 1, 2003, respondent sent petitioner by certified mail a final notice of intent to levy and notice of his right to a collection due process hearing (CDP notice). The CDP notice was returned to respondent as refused or unclaimed. Ms. Bacon's CDP notice was also returned but listed as undeliverable. On December 2, 2008, respondent received from

petitioner a Form 8857, Request for Innocent Spouse Relief, which included the 2002 income tax liability. On February 19, 2009, respondent issued a final determination denying relief under section 6015(f) because the claim was filed more than 2 years after respondent issued the CDP notice.

On May 11, 2009, petitioner filed a petition in this Court disputing the final determination. After the filing of the petition, respondent sent petitioner's case to the Internal Revenue Service (IRS) Covington Campus Innocent Spouse Operations (CCISO) to determine whether petitioner would be entitled to relief in the absence of the 2-year period of limitations imposed by the income tax regulations. As a result of that evaluation, respondent determined that if the request for relief were not time barred, petitioner would be entitled to relief under section 6015(f) as to the portion of the underpayment attributable to the income of Ms. Bacon.

## Discussion

Section 6013(d)(3) provides that if a joint return is filed, the tax is computed on the taxpayers' aggregate income and liability for the resulting tax is joint and several. See also sec. 1.6013-4(b), Income Tax Regs. However, the IRS may relieve a taxpayer from joint and several liability under section 6015(f) if, taking into account all the facts and circumstances, it is inequitable to hold the taxpayer liable for any unpaid tax or

deficiency and the taxpayer does not qualify for relief under section 6015(b) or (c).

Respondent concedes that petitioner is entitled to the claimed relief but for the 2-year period set forth in Rev. Proc. 2003-61, 2003-2 C.B. 296, and the regulations. See sec. 1.6015-5(b), Income Tax Regs.

In Lantz v. Commissioner, 132 T.C. 131 (2009), this Court held invalid the Secretary's regulation limiting the period for the right to seek relief under section 6015(f) to 2 years. The holding of that case did not establish any time within which a request for relief would be considered reasonable and/or timely. Respondent concedes that the only reason for denial was that petitioner's request was made more than 2 years after the date of the first collection activity. Respondent acknowledges the Lantz Opinion but notes that it is on appeal and that he disagrees with this Court's holding in the case.[1] Respondent does not argue that the amount of time by which petitioner's request exceeded 2 years is a reason for denial of equitable relief under section 6015(f). Accordingly, there is no reason for this Court to further analyze respondent's claim that the 2-year-period

---

[1]Respondent sought to have the small tax case designation removed from this case in an attempt to be able to appeal any adverse decision for the purpose of overturning our holding in Lantz v. Commissioner, 132 T.C. 131 (2009). Petitioner objected to the removal. Under sec. 7463(a), the small tax case designation is made "at the option of the taxpayer concurred in by the Tax Court". The Court denied respondent's motion.

restriction is valid, and we follow the precedent set forth in Lantz.  Upon the basis of the foregoing, the Court holds that petitioner is entitled to relief from joint and several liability under section 6015(f).

To reflect the foregoing,

Decision will be entered for petitioner.